## WM. A. PRINGLE AND ALTON A. RICHARDSON, EXECUTORS, ESTATE OF WM. A. PHILPOTT, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7176.    Promulgated February 24, 1927.

*George M. Tuttle, Esq.*, for the petitioners.
*W. F. Gibbs, Esq.*, for the respondent.

The Commissioner determined a deficiency in estate tax of $131.95.

### FINDINGS OF FACT.

Wm. A. Pringle and Alton A. Richardson are the duly qualified and acting executors of the estate of Wm. A. Philpott, Jr., who died December 29, 1922. At the time of his death Philpott was the owner of 49 shares of the capital stock of the Philpott & Leuppie Co. and 5 shares of the capital stock of the J. L. Morrison Co. of Illinois.

The executors included the 49 shares of stock in the estate-tax return at the value of $7,840 at the date of the death of Philpott. The Commissioner determined that the value at that time was $13,865. The 5 shares of stock were returned by the estate at a value of $500 and the Commissioner determined that these shares had a total value of $8,000.

OPINION.

LITTLETON: The executors claim in the petition filed that the value placed by the Commissioner upon the stock mentioned was excessive and asked that the Board fix the value of the 49 shares at $11,025 and the value of the 5 shares at $625.

The petition alleges that the Commissioner based his determination upon the book value of the stock and that this value was in excess of the price at which the stock could have been sold by a willing seller to a willing buyer on December 29, 1922. In his answer the Commissioner denies that his valuation of the stock was based upon an estimated book value and that the valuation placed thereon by him is in excess of the fair market value of the stock.

No evidence was submitted by petitioner to show that the Commissioner's valuation was erroneous. The evidence submitted by the estate to the Commissioner at the time the question of the tax liability was pending before him in support of their contentions is not before the Board and the allegations of the petition are not proof of the facts. See Rule 29 of the Board's Rules of Practice, April 1, 1926. In these circumstances we affirm the Commissioner's determination.

*Judgment will be entered for the Commissioner.*